**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

MEREDITH LEE UNDERWOOD,                     Case No. 06-30015-LMK

    Debtors                                      Chapter 7

_____/

**ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS**

    This case came on for hearing on April 27, 2006, upon the Chapter 7 Trustee's Objection to Exemptions (the "Objection") (Doc. 16).  The Debtor filed her Chapter 7 petition on January 13, 2006, along with her schedules and statement of financial affairs and other required documents.  In her original Schedule C filed with the petition, the Debtor claimed exemptions under Colorado state law.  On February 13, 2006, she filed an Amended Schedule C in which she claimed the federal exemptions under 11 U.S.C. § 522(d).  On March 17, 2006, the Chapter 7 Trustee (the "Trustee") filed the Objection, arguing that the Debtor is not entitled to claim the federal exemptions and should be allowed to claim only the Colorado exemptions.

    According to the Debtor's Statement of Financial Affairs, filed along with the petition, the Debtor has lived in Pensacola, Florida, since February of 2004.  Prior to that, from January 2000 through January 2004, the Debtor resided in Denver, Colorado. A person may file for bankruptcy protection under Title 11 in the district in which the debtor was domiciled or resided for the 180 days immediately preceding the filing of the petition, or, if the debtor resided in more than one district in those 180 days, in the district in which the debtor lived for a longer portion of such 180-day period than in any other place.  28 U.S.C. § 1408.  Accordingly, since the Debtor lived in Pensacola, Florida, for almost two full years preceding the petition date, venue properly lies in this District.  However, as explained below, the Debtor is ineligible to claim exemptions under Florida state law.

    An individual is entitled to exempt from property of the estate either certain property listed in Section 522(d) of the Bankruptcy Code (known as the "federal exemptions"), or such property as is allowed to be exempted by debtors under applicable state law, at the debtor's choice.  11

U.S.C. § 522(b). However, the Bankruptcy Code allows individual states to "opt-out," or to prohibit those eligible to claim that state's exemptions from choosing the federal exemptions. 11 U.S.C. § 522(b)(2). The Debtor is ineligible to claim the exemptions allowed under Florida law because the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that a debtor may claim property exempt under state law "that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the filing of the petition, or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than any other place." 11 U.S.C. § 522(b)(3). [1] In other words, a debtor may only claim the state law exemptions available in her state of residence if she has lived in that state for two or more years as of the petition date. Since the Debtor had not yet lived in Florida for 730 days on her petition date, she is ineligible to claim Florida exemptions. The Debtor lived in Colorado for the entirety of the 180 days preceding the 730 days prepetition. As such, the Trustee argues that the Debtor is restricted to claiming Colorado exemptions under Colorado law because Colorado is an "opt-out" state. On the other hand, the Debtor asserts that she is entitled to claim the federal exemptions found in Section 522(d) of the Bankruptcy Code because she cannot claim Colorado state exemptions, which she contends are available only to residents of Colorado.

Colorado's "opt-out" statute provides that the federal exemptions are "denied to residents of this state." Colo. Stat. § 13-54-107. It further provides that, "[e]xemptions authorized to be claimed by residents of this state [Colorado] shall be limited to those exemptions expressly provided by the statutes of this state." *Id*. The trustee argues that this statute limits Colorado

---

[1] Pre-BAPCPA, a Debtor could claim the exemptions of the state in which she had lived for just 180 days prepetition, tracking the same language as the venue statute.

residents to Colorado exemptions but does not restrict non-residents from choosing to claim Colorado exemptions. However, the Court disagrees and finds that Colorado exemptions are available only to Colorado residents. Nothing in the Colorado exemption law expressly provides for its application to non-residents; rather, the opt-out statute refers to exemptions to be claimed *"by residents of this state."* Colo. Stat. § 13-54-107 (emphasis added). The Colorado Supreme Court has opined that "[p]rimarily, the exemption laws of the state are for the benefit of *residents* . . . ." *Sandberg v. Borstadt*, 109 P. 419, 421 (Colo. 1910)(emphasis added). Further, a Colorado bankruptcy court acknowledged that the enactment of liberally-construed Colorado exemption laws was mandated by the Colorado Constitution in order "to benefit the residents of Colorado." *In re Kramer*, 339 B.R. 761, 763 (Bankr. D. Colo. 2006). Since the Colorado exemption laws were constitutionally mandated and enacted for the benefit of Colorado residents only, residents of other states are not allowed to avail themselves of the benefit granted by the Colorado legislature to its residents for their protection. Therefore, the Debtor in this case is ineligible to claim any state's exemptions.

This Court dealt with an analogous situation pre-BAPCPA in *In re Schulz*, 101 B.R. 301 (Bankr. N.D. Fla. 1989). The debtor in *Schulz* had resided in Florida until approximately one month before he filed his petition, at which time he moved to Wisconsin. *Id.* Under the venue requirements of 28 U.S.C. § 1408, the debtor was required to file his petition in this District. *Id.* The debtor in *Schulz* was ineligible to claim Wisconsin exemptions for the same reason the Debtor in this case cannot claim Florida exemptions-- because he had not yet resided for the requisite period of time in that state. Likewise, he was ineligible to claim Florida exemptions for the same reason this Debtor cannot claim Colorado exemptions-- because he was no longer a resident of the state. Like the Colorado statute, the Florida statute provides that *"'residents of this state* [Florida] shall not be entitled to the federal exemptions . . . .'" *Schulz*, 101 B.R. at 302 (emphasis in original), quoting Fla. Stat. § 222.20. Thus, this Court held that the debtor, who was ineligible for any state law exemptions, was eligible to claim the federal exemptions, because no

applicable state law prohibited him from claiming such, and because denying the debtor the benefit of any exemptions would be "contrary to the "fresh start" policy of the Bankruptcy Code." *Id.* at 302.  Similarly, even if the Debtor could claim Colorado exemptions, she would still be eligible to choose to claim the federal exemptions instead.  A debtor may claim the federal exemptions unless "the State law that is applicable to the debtor . . . specifically does not so authorize."  11 U.S.C. § 522(b)(2).  The Colorado "opt-out" statute only prohibits Colorado residents from choosing to claim the federal exemptions.  Colo. Stat. § 13-54-107.   The Debtor is a resident of Florida, not Colorado.  Therefore, even if the Debtor was eligible to claim Colorado exemptions, she could choose instead  to claim federal exemptions because no state law prohibition against claiming federal exemptions applies to her.

The result reached by this Court in *Schulz* is now compelled by an express provision of the Bankruptcy Code enacted under BAPCPA.  The undesignated sentence at the bottom of 11 U.S.C. § 522(b)(3) provides that "[i]f the effect of he domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)."  This sentence follows subparagraph (C), but it is not indented as the subparagraphs are.  This indicates that it modifies the entirety of paragraph (3).  Further, this is the only logical way to interpret the sentence, as subparagraph (C) deals with the exemption of retirement funds, and it does not make sense for the undesignated sentence to only apply to retirement funds.  Since paragraph (3) relates to exemptions under state law, it makes the most sense for the undesignated sentence to apply to paragraph (3) as a whole.  Thus, it means exactly what it says: if the 730-day domiciliary requirement under subparagraph (A) renders a debtor ineligible for any state exemptions, the debtor may claim federal exemptions.  Since the Debtor may not claim Colorado exemptions because she is not a Colorado resident, and since the 730-day domiciliary requirement in the Bankruptcy Code renders her ineligible to claim exemptions under any state's laws, the Debtor may claim federal exemptions.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Trustee's Objection to Exemptions is overruled

and the exemptions claimed by the Debtor are allowed.

    DONE AND ORDERED at Tallahassee, Florida, on May \_\_\_24th\_\_\_, 2006.

*/s/ Lewis M. Killian, Jr.*
LEWIS M. KILLIAN, JR.
Bankruptcy Judge

cc:    Meredith Lee Underwood
        Karin Garvin
        Sherry Chancellor
        United States Trustee